KAREN K. PEABODY (SBN 187702)
JONATHAN D. MILLER (SBN 220848)
NYE, PEABODY, STIRLING, HALE & MILLER, LLP
33 West Mission St., Ste. 201
Santa Barbara, CA 93101
(805) 963-2345 / (805) 563-5385 (fax)
jonathan@nps-law.com
karen@nps-law.com
Attorneys for DEFENDANTS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER STERN, an individual,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al.,<br><br>　　　　　　Defendants. | Case No. CV11-08418PSG(MRWX)<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) AND MOTION TO STRIKE PURSUANT TO RULE 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>Date:　　December 19, 2011<br>Time:　　1:30 p.m.<br>Ctrm:　　880<br>The Hon. Philip S. Gutierrez |

## I. INTRODUCTION

Much of Plaintiff's opposition to Defendant's moving papers is spent re-alleging facts from the complaint. Plaintiff does little to respond to the weight of substantive authority provided by Defendants and the few

1
DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) AND MOTION TO STRIKE PURSUANT TO RULE 12(f)

arguments plaintiff does try to make are not supported by appropriate legal authority. As such, Defendant's motion must be granted.

## II. PLAINTIFF'S FAILURE TO RESPOND TO DEFENDANTS' MEET AND CONFER LETTER WAIVED ANY OBJECTION TO WHETHER A PROPER MEET AND CONFER EFFORT TOOK PLACE

Plaintiff cannot avoid a motion to dismiss by failing to respond to a meet and confer letter. This lawsuit was filed on filed on October 12, 2011. (See Miller Decl. ¶ 1.) Though no proofs of service were filed by Plaintiff before this motion was filed, it appeared at least one of the individual Defendants may have been served as early as October 13, 2011. (*Id.*)[1]

On October 28, 2011, Defendants wrote to Plaintiff regarding service. Defendants offered to accept service for any remaining defendants and asked for a thirty (30) extension to file a response so the parties could evaluate the issues. (Miller Decl. ¶ 2.) On October 31, 2011, Plaintiff responded indicating he would not provide the extension. (Miller Decl. ¶ 3.) On November 1, 2011, Defendants responded with their grounds for this motion and requested a further meet and confer effort. (Miller Decl. ¶ 4.) Defendants again asked for an extension of time to do so. Plaintiff never responded. (Id.) Plaintiff cannot avoid a motion to dismiss simply by refusing to engage in the meet and confer process. Plaintiff's refusal to meet and confer in good faith narrowed Defendants' options on how to

---

[1] The method of service was apparently accomplished by Plaintiff's counsel walking into a crowded lecture room full of students during the middle of a class, throwing the complaint on the Professor's desk, and stating loudly "you have been served."

2
**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) AND MOTION TO STRIKE PURSUANT TO RULE 12(f)**

proceed and necessitated the instant motion. Plaintiff, through his conduct, has waived any right to contend to the contrary.

### III. PLAINTIFF'S FIRST, SECOND, THIRD AND FIFTH CAUSES OF ACTION ARE BARRED BY THE ELEVENTH AMENDMENT

The Eleventh Amendment Immunity applies to the employees of The Regents in federal court actions. *Regents of California v. Doe,* 519, U.S. at 429, 117 S.Ct. 900; *Vaughn v. Regents of University of California,* 504 F.Supp. at 1354. Eleventh Amendment Immunity bars Plaintiff's First Cause of Action for violation of Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 against each of the individual Defendants. Although, under the *Ex Parte Young* exception, a plaintiff may sue state officials in federal court for prospective injunctive relief based upon a cognizable violation of federal law, as discussed in the moving papers, Plaintiff has failed to allege facts sufficient to support a claim for injunctive relief against any of the individual Defendants.

Plaintiff argues the Eleventh Amendment Immunity should not apply under Title I of the ADA but fails to provide any authority to support this argument. Under Title I of the ADA individual defendants are not subject to personal liability. *Walsh v. Nevada Dept. of Human Resources,* 471 F.3d at 1037-1038. The only exception is a suit against state officials seeking prospective injunctive and declaratory relief. *Garrett,* 531 U.S. at 360, 374, 121 S.Ct. 95, *Walsh,* 471 F.3d at 1036. Plaintiff argues it has "properly pled a request for injunctive relief" but has failed to point to the court where this has been sufficiently pled in the complaint. In fact, plaintiff's second cause

3

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) AND MOTION TO STRIKE PURSUANT TO RULE 12(f)

of action consists of only three paragraphs of allegations none of which allege facts sufficient to support a claim for injunctive or declaratory relief.

Plaintiff also argues the Eleventh Amendment immunity does not apply to Title II of the ADA but fails to explain how the circumstances in this case gets plaintiff around the immunity. The United States Supreme Court in *United States v. Georgia*, 546 U.S. 151 126 S.Ct. 877, 163 L.Ed.2d 650 (2006) held that Title II of the ADA validly abrogates state sovereign immunity insofar as it creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment. In other words a plaintiff must plead conduct that violates the Fourteenth Amendment in order for the Eleventh Amendment immunity not to apply. As explained in the moving papers, Plaintiff cannot establish a violation of the Fourteenth Amendment because the disabled are not a suspect class under the Fourteenth Amendment. Plaintiff's moving papers do not even address this argument or provide any authority to the contrary.

Plaintiff argues the Eleventh Amendment immunity is not applicable to the third and fifth causes of action. The Eleventh Amendment immunity is indeed applicable to these causes of action. To find otherwise goes against the purpose of the Eleventh Amendment. The court in *Penhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121,104 S.Ct. 900, 79 L.Ed.2d 67 (1984 explained: Our reluctance to infer that a State's immunity from suit in the federal courts has been negated stems from recognition of the vital role of the doctrine of sovereign immunity in our federal system. A State's constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued. As Justice MARSHALL well has noted, "[b]ecause of the problems of federalism inherent in making one sovereign appear against its will in the courts of the other, a restriction upon

4

the exercise of the federal judicial power has long been considered to be appropriate in a case such as this." *Employees v. Missouri Public Health & Welfare Dep't*, 411 U.S. 279, 294, 93 S.Ct. 1614, 1622-1623, 36 L.Ed.2d 251 (1973). Accordingly, in deciding this case we must be guided by "[t]he principles of federalism that inform Eleventh Amendment doctrine." *Hutto v. Finney*, 437 U.S. 678, 691, 98 S.Ct. 2565, 2573-2574, 57 L.Ed.2d 522 (1978).

(*Id.* at 99).

Plaintiff has failed to provide any authority that rids Defendants of the Eleventh Amendment immunity in cases where a Plaintiff pleads causes of action for violations of FEHA and the Unruh Act.

For the reasons set forth above and the reasons set forth in the moving papers, Plaintiff's First, Second, Third, and Fifth Causes of Action are barred by the Eleventh Amendment Immunity as a matter of law and Defendants respectfully requests the Court dismiss these cause of action under Rule 12(b)(1) and 12(b)(6).

### IV. PLAINTIFF'S FIRST CAUSE OF ACTION IS BARRED BY QUALIFIED IMMUNITY

Plaintiff's sole argument against the application of qualified immunity is "each of the Defendants has treated Plaintiff differently than the non-disabled thereby violating settled interpretations of the Fourteenth Amendment's Equal Protection Clause." (See Plaintiff's Opposition, page 23, lines 13-16).

Defendants" moving papers explain that where a plaintiff is not a member of a suspect class, courts require only that there be a rational relationship between the differential treatment of similarly situated

individuals and a legitimate government interest. *Board of Trustees of Univ. of Alabama v. Garrett,* 531 U.S. 356, 366-368; 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). The moving papers explained a rational basis existed for Defendants' policy because students whose own disabilities require academic accommodations may be less able, due to their disabilities, to perform the essential functions of the positions – which is to provide accommodations services to disabled students. Plaintiff's opposition does not even address this analysis. His only argument is that he was treated differently. This is not sufficient to plead this cause of action.

### V. PLAINTIFF'S SECOND AND FOURTH CAUSES OF ACTION ARE BARRED BECAUSE INDIVIDUALS ARE NOT SUBJECT TO PERSONAL LIABILITY UNDER THE ADA OR REHABILITATION ACT

Plaintiff argues Defendants have not provided any authority that precludes claims under Section 504 of the Rehabilitation Act against individuals. This is not accurate. Defendants cited to *Hiller v. Brown*, 177 F. 3d 542, 546 (page 19 of the motion). The Court in *Hiller* held individuals cannot be held personally liable under the Rehabilitation Act. The court explained, "Indeed, numerous courts, including this one, have held that supervisors, sued in their individual capacities, are not included within the statutory definition of "employer" under Title VII and its sister civil rights statutes, and accordingly cannot be held personally liable for discrimination." *Id.* at 546.

As to the ADA, Plaintiff concedes allegations under Title I of the ADA cannot be brought against individuals but argues individuals can be sued under Title II. Plaintiff does not cite to any authority for this argument. Both the ADA and the Rehabilitation Act cover employment

6

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) AND MOTION TO STRIKE PURSUANT TO RULE 12(f)

related claims and claims of discrimination in the provision of programs and services. Because there is no significant difference in the analysis of the rights and obligations created by the ADA and the Rehabilitation Act, courts apply the same analysis to claims brought under both statutes. *Zukle v. Regents of the University of California,* 166 F.3d 1041, 1045 n. 11 (9th Cir.1999); *Vinson v. Thomas*, 288 F.3d 1145, 1152 (9th Cir. 2002).

## VI. PLAINTIFF DID NOT OPPOSE DEFENDANT'S MOTION AS TO PUNITIVE DAMAGES

Plaintiff did not oppose Defendant's motion as to his claim for punitive damages. For this reason and for the reasons set forth in detail in Defendant's motion Plaintiff's prayer requesting punitive damages should be stricken.

## VII. CONCLUSION

Based on the foregoing and the arguments set forth in the moving papers, Defendants respectfully request that this Court grant their motion to dismiss and motion to strike.

DATED: December 5, 2011        NYE, PEABODY, STIRLING, HALE & MILLER, LLP

By: _____
Jonathan D. Miller
Attorneys for Defendants

7
DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) AND MOTION TO STRIKE PURSUANT TO RULE 12(f)

# PROOF OF SERVICE

<u>RE: STERN VS REGENTS OF THE UNIVERSITY OF CA, ET AL CASE # CV11-08418PSG (MRWX)</u>

I am employed in the County of Santa Barbara, State of California. I am over the age of eighteen years and not a party to this action. My business address is 33 West Mission, Suite 201, Santa Barbara, California 93101.

On the date stated below, I served the following documents:

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) AND MOTION TO STRIKE PURSUANT TO RULE 12(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

on the interested parties in this action, by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| Andrew R Stern, Esq<br>31659 Sea Level Dr.<br>Malibu, Ca 90265 | Attorney for Plaintiff, ALEXANDER STERN |
|---|---|

[X]  [By Express Service Carrier] I provided such envelope(s) to a driver employed by California Overnight, an express service carrier, on December 5, 2011, with delivery fees paid or provided for, for next business morning deliveries.

[]  [By Mail] I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Santa Barbara, California on December 5, 2011.

[]  [By Personal Service] I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s) on December 5, 2011.

[]  [By Fax Service] I caused such document(s) to be sent via facsimile transmission on December 5, 2011.

[X]  [By Electronic Service] I caused such document(s) to be sent electronically on December 5, 2011 in accordance with the Court's electronic filing ("ECF") rules, pursuant to which registered ECF users receive service copies by e-mail delivery. A courtesy copy will follow as stated above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  December 5, 2011        _____
                                              Brenda Rosales