KAREN K. PEABODY (SBN 187702)
JONATHAN D. MILLER (SBN 220848)
NYE, PEABODY, STIRLING, HALE & MILLER, LLP
33 West Mission St., Ste. 201
Santa Barbara, CA 93101
(805) 963-2345 / (805) 563-5385 (fax)
karen@nps-law.com
jonathan@nps-law.com

Attorneys for DEFENDANTS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER STERN, | Case No. CV11-08418PSG(MRWX) |
| Plaintiff, | |
| v. | **ANSWER OF DEFENDANTS THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, GARY WHITE, WANDA THOMAS, JON SNYDER, VALENTINA PADULA, AND CAMILLA FIORINA TO COMPLAINT FOR DAMAGES DECLARATORY AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL** |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al., | |
| Defendants. | |

COME NOW Defendants THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, GARY WHITE, WANDA THOMAS, JON SNYDER, VALENTINA PADULA, and CAMILLA FIORINA and, in answer to Plaintiff's Complaint For Damages, Declaratory, and Injunctive Relief (the Complaint), admit, deny, and allege as follows:

1. Answering paragraphs 4, 14, 16, 17, 18, 20, 28, 29, 30, 38, 48, 51, 52, 53, 54, 71, 75, 76, 80, 81, 82, 88, 89, 91, 95, 96, 101, 104, 105, and 110 of the Complaint, Defendants admit the allegations of said paragraphs.

2. Answering paragraphs 24, 25, 26, 27, 34, 35, 39, 41, 43, 47, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 70, 72, 73, 74, 77, 78, 83, 84, 85, 90, 93, 97, 98, 99, 102, 107, 108, 112, 114, 115, 116, 117, and 118 of the Complaint, Defendants deny each and every allegation contained therein.

3. Answering paragraphs 12, 22, 31, 40, 46, 49, 50, 66, 67, 86, 87, 92, 94, 100, 103, 109, 111, and 113 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis deny each and every allegation contained therein.

4. Answering paragraph 1 of the Complaint, Defendants admit that this Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and original jurisdiction over claims arising under 42 U.S.C. § 1983; the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.); and Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794).

5. Answering paragraph 2 of the Complaint, Defendants admit that this Court has supplemental jurisdiction over pendent state-law claims pursuant to 28 U.S.C. § 1367.

6. Answering paragraph 3 of the Complaint, Defendants admit that Plaintiff is an undergraduate student at the University of California Santa Barbara, a campus of the University of California and deny each and every other allegation contained therein.

7. Answering paragraph 5 of the Complaint, Defendants admit that Plaintiff has learning disabilities and is a resident of Santa Barbara County and Los Angeles County and deny each and every other allegation contained therein.

2
**DEFENDANTS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

8. Answering paragraph 6 of the Complaint, Defendants admit that the University of California is a public university with multiple campuses across the state including the campus at Santa Barbara which Plaintiff attends. The Regents of the University of California is a constitutionally-created corporation with full powers of organization and government to administer the University of California.

9. Answering paragraph 7 of the Complaint, Defendants admit that Defendant Gary White is the Director of UCSB's Disabled Students Program and deny each and every other allegation contained therein.

10. Answering paragraph 8 of the Complaint, Defendants admit that Defendant Wanda Thomas is the Support Services Coordinator at UCSB's Disabled Students Program and that her job duties include supervising the administrative staff and overseeing student note takers, readers and test proctors and deny each and every other allegation contained therein.

11. Answering paragraph 9 of the Complaint, Defendants admit that Defendant Jon Snyder is the Chair of UCSB's Department of French and Italian and deny each and every other allegation contained therein.

12. Answering paragraph 10 of the Complaint, Defendants admit that Defendant Valentina Padula is the Coordinator of UCSB's Italian Language Program and that she agreed to review -- and did review -- Plaintiff's grades in his Italian 6 course and his final grade of B+ and deny each and every other allegation contained therein.

13. Answering paragraph 11 of the Complaint, Defendants admit that Defendant Camilla Fiorina is a Lecturer at UCSB and was Plaintiff's instructor in his Italian 6 course and deny each and every other allegation contained therein.

14. Answering paragraph 13 of the Complaint, Defendants admit

that Plaintiff has learning disabilities and are without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

15. Answering paragraph 15 of the Complaint, Defendants admit that Plaintiff has submitted records of impairment that were accepted by Defendant The Regents of the University of California that were accepted as proving that Plaintiff has learning disabilities and deny each and every other allegation contained therein.

16. Answering paragraph 19 of the Complaint, Defendants admit that the student test proctors hired by UCSB's Disabled Students Program, as part of their duties, monitor examinations taken by students receiving examination accommodations through the Disabled Students Program to ensure that the students do not cheat or commit other acts of academic dishonesty during the examination and deny each and every other allegation contained therein.

17. Answering paragraph 21 of the Complaint, Defendants admit that the student test proctors hired by UCSB's Disabled Students Program are offered the opportunity to sign up for various proctoring assignments throughout the academic year and are without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

18. Answering paragraph 23 of the Complaint, Defendants admit that students are directed to apply for the test proctor and note taker positions offered by the Disabled Students Program by completing an on-line application accessible through the Disabled Students Program's internet website and are without sufficient knowledge or information to form a

4
DEFENDANTS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

belief as to the truth of the other allegations contained in said paragraph, and on that basis deny each and every other allegation contained therein.

19. Answering paragraph 32 of the Complaint, Defendants admit that on June 2, 2011, Plaintiff emailed Defendant Gary White and requested to meet with him to discuss disability-related concerns and deny each and every other allegation contained therein.

20. Answering paragraph 33 of the Complaint, Defendants admit that on June 7, 2011, Plaintiff and Defendant Gary White met in person and discussed Plaintiff's concerns about his Italian 6 grade and the Disabled Students Program's student hiring practices and deny each and every other allegation contained therein.

21. Answering paragraph 36 of the Complaint, Defendants admit that Plaintiff complained about disability discrimination to Gary White and mentioned both the Americans with Disabilities Act and the <u>Teamsters v. United States</u> decision and deny each and every other allegation contained therein.

22. Answering paragraph 37 of the Complaint, Defendants admit that Gary White told Plaintiff that the Disabled Students Program had a continuing practice of not hiring students receiving note taking or test proctoring services through the Disabled Students Program to perform those services for other students and deny each and every other allegation contained therein.

23. Answering paragraph 42 of the Complaint, Defendants admit that Gary White expressed to Plaintiff a concern that students receiving note taking or test proctoring services through the Disabled Students Program receive the full benefit of these services and deny each and every other allegation contained therein.

24. Answering paragraph 44 of the Complaint, Defendants admit

**DEFENDANTS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

1  that Gary White expressed to Plaintiff a concern that students receiving note
2  taking or test proctoring services through the Disabled Students Program
3  receive the full benefit of these services and deny each and every other
4  allegation contained therein.
5       25.   Answering paragraph 45 of the Complaint, Defendants admit
6  that the student test proctors hired by UCSB's Disabled Students Program
7  are offered the opportunity to sign up for various proctoring assignments
8  throughout the academic year and can therefore schedule their assignments
9  around their own exams and commitments and are without sufficient
10 knowledge or information to form a belief as to the truth of the other
11 allegations contained in said paragraph, and on that basis deny each and
12 every other allegation contained therein.
13      26.   Answering paragraph 55 of the Complaint, Defendants admit
14 that Defendant Camilla Fiorina was aware of the accommodation approved
15 for Plaintiff and that, upon request by a student, the Disabled Students
16 Program informs instructors of the accommodations approved for that
17 student and deny each and every other allegation contained therein.
18      27.   Answering paragraph 68 of the Complaint, Defendants admit
19 that during Plaintiff's June 7, 2011, meeting with Defendant Gary White,
20 Plaintiff complained that Defendant Camilla Fiorina had not given him his
21 approved accommodations and deny each and every other allegation
22 contained therein.
23      28.   Answering paragraph 69 of the Complaint, Defendants admit
24 that Plaintiff complained to Gary White about his Italian 6 grades and deny
25 each and every other allegation contained therein.
26      29.   Answering paragraph 106 of the Complaint, Defendants admit
27 that Plaintiff has learning disabilities and deny each and every other
28 allegation contained therein.

**FIRST AFFIRMATIVE DEFENSE**

30. As an affirmative defense, Defendants allege that the Complaint fails to state facts sufficient to state a claim for relief against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

31. As an affirmative defense, Defendants allege that Plaintiff's claims are barred because Plaintiff's own actions and conduct directly and proximately caused Plaintiff's injuries and/or damages, if any. Therefore, Plaintiff is not entitled to damages or any other relief from Defendants, or in the alternative, Plaintiff's recovery, if any, must be reduced by the amount or percentage that Plaintiff's actions and conduct caused or contributed to the alleged damages, should they be proven.

**THIRD AFFIRMATIVE DEFENSE**

32. As an affirmative defense, Defendants allege that the conduct, misconduct and/or negligence of Plaintiff caused and contributed to any alleged damages which may have been sustained by Plaintiff, and by reason thereof, Plaintiff should be barred from recovery

**FOURTH AFFIRMATIVE DEFENSE**

33. As an affirmative defense, Defendants allege that The Regents of the University of California and its employees sued in their official capacities are entitled to sovereign immunity from suit under the Eleventh Amendment.

**FIFTH AFFIRMATIVE DEFENSE**

39. As an affirmative defense, Defendants allege that the individual Defendants, sued in their personal capacities, are entitled to qualified immunity from suit because they acted in good faith and their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

## SIXTH AFFIRMATIVE DEFENSE

40. As an affirmative defense, Defendants allege that Plaintiff lacks standing to sue, and Plaintiff is not entitled to prospective declaratory relief because no substantial justiciable controversy exists between the parties.

## SEVENTH AFFIRMATIVE DEFENSE

41. As an affirmative defense, Defendants allege that Plaintiff lacks standing to sue, and Plaintiff is not entitled to prospective injunctive relief because there exists no real and immediate threat of future harm to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

42. As an affirmative defense, Defendants allege that Plaintiff failed to exhaust the administrative remedies available to him through the University of California, including but not limited to the appeal procedures for grades are set forth in the Academic Senate Manual at Appendix V, "Student Appeal Procedures."

## NINTH AFFIRMATIVE DEFENSE

43. As an affirmative defense, Defendants allege that Plaintiff failed to exhaust the administrative remedies available to him through the Equal Employment Opportunities Commission.

## TENTH AFFIRMATIVE DEFENSE

44. As an affirmative defense, Defendants allege that, pursuant to California Government Code sections 815.2 and 820.2, a public entity and its employees, officers and agents are not responsible for injury or damage resulting from an act of omission that was a result of the exercise of discretion vested in such officer, agent or employee, whether or not such discretion was abused.

**ELEVENTH AFFIRMATIVE DEFENSE**

45. As an affirmative defense, Defendants allege that Defendants are not liable for the damages, if any, alleged in the complaint by reason of the provisions of California Government Code section 815.2(a) and (b), in that a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

**TWELFTH AFFIRMATIVE DEFENSE**

46. As an affirmative defense, Defendants allege that under the primary jurisdiction doctrine the Regents of the University of California has primary jurisdiction to determine academic matters.

**THIRTEENTH AFFIRMATIVE DEFENSE**

47. As an affirmative defense, Defendants allege that Plaintiff is barred from recovery herein, in whole or in part, by reason of failure to mitigate damages

**FOURTEENTH AFFIRMATIVE DEFENSE**

48. As an affirmative defense, Defendants allege that The Regents of the University of California and its employees sued in their official capacities are not subject to claims for punitive damages.

**WHEREFORE,** Defendants pray that Plaintiff take nothing by way of his complaint and that Defendants be dismissed and awarded their costs of suit and such other and further relief as the Court deems just and proper.

DATED: March 13, 2012          NYE, PEABODY, STIRLING, HALE & MILLER, LLP

By: _____
Karen K. Peabody
Attorney for Defendants

**DEFENDANTS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

## DEMAND FOR JURY TRIAL

Defendants hereby demand trial of this matter by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

DATED: March 13, 2012          NYE, PEABODY, STIRLING, HALE & MILLER, LLP

By: _____
Karen K. Peabody
Attorney for Defendants

DEFENDANTS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

## PROOF OF SERVICE

<u>RE: STERN VS REGENTS OF THE UNIVERSITY OF CA, ET AL CASE # CV11-08418PSG (MRWX)</u>

I am employed in the County of Santa Barbara, State of California. I am over the age of eighteen years and not a party to this action. My business address is 33 West Mission, Suite 201, Santa Barbara, California 93101.

On the date stated below, I served the following documents: **DEFENDANTS' RESPONSE TO COMPLAINT** on the interested parties in this action:

| Andrew R Stern, Esq<br>31659 Sea Level Dr.<br>Malibu, Ca 90265 | Attorney for Plaintiff, ALEXANDER STERN |
|---|---|

[ ]   [By Express Service Carrier] I provided such envelope(s) to a driver employed by California Overnight, an express service carrier, on March 13, 2012, with delivery fees paid or provided for, for next business morning deliveries.

[ ]   [By Mail] I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Santa Barbara, California on March 13, 2012.

[ ]   [By Personal Service] I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s) on March 13, 2012.

[ ]   [By Fax Service] I caused such document(s) to be sent via facsimile transmission on March 13, 2012.

[X]   [By Electronic Service] I caused such document(s) to be sent electronically on March 13, 2012 in accordance with the Court's electronic filing ("ECF") rules, pursuant to which registered ECF users receive service copies by e-mail delivery. A courtesy copy will follow as stated above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 13, 2012         _____
                                                    Brenda Rosales